VERNON E. WOODWARD
Woodward Law Firm, PLLC
49 North 15th, Suite 1
Billings, Montana 59101
vern@woodwardlaw-mt.com
Phone: (406) 294-5585
Fax: (406) 294-5586
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 22-153-BLG-SPW |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| HOSSEIN CRISTIANO LUIGI BORHAN, | ) ) | |
| | ) | |
| Defendant. | ) | |

Hossein Borhan, (hereinafter "Osso") made a mistake for which he is about to pay dearly. Talking to a teenager was certainly stupid, and some of the things he suggested to her were highly inappropriate, but it was not criminal. In his mind, she was 16 years old which made her old enough to consent. Osso has zero criminal history and faces a mandatory minimum of 60 months. His guideline

1

imprisonment range is 135-168 months. The United States is asking for a sentence of 144 months which, under the facts of this particular case, and without minimizing the seriousness of the offense, is completely ridiculous.

Osso has spent his adult life dedicated to public service. He served our country during war and was honorably discharged. Something changed after his deployment to Iraq. His wife of 16 years said that when Osso returned from his deployment, "that was the worst part of him." PSR ¶ 63. He drank heavily, was short-tempered and would easily get upset. He started attending groups through the Veterans Affairs (VA) and received treatment for anger management and PTSD. *Id*. Osso's wife is a godsend and although she is working on processing her anger, she confirmed her relationship with Osso is trying right now. Osso has two children who are also suffering because of his poor choices. He certainly has issues to work through, but he does not need to be in custody for 12 years which is far greater than necessary to satisfy the sentencing goals.

The Ninth Circuit in *United States v. Carty and Zavala*, 520 F.3d 984 (9th Cir. 2008) (en banc) (hereinafter, *Carty*), indicated that after Supreme Court decisions addressing the Sentencing Reform Act, the basic framework for establishing the sentence in a criminal case is now settled. *Carty*, 520 F.3d at 990-92. "'[T]he Guidelines factor [may not] be given more or less weight than any

other.' So while the Guidelines are the 'starting point and initial benchmark' and must 'be kept in mind throughout the [sentencing] process,' the Guidelines range constitutes only a touch-stone in the district court's sentencing considerations." *United States v. Autery,* 555 F.3d 864, 872 (9th Cir. 2009) (citations omitted). Although having no greater weight than any other factor, "[a] misinterpretation of the guidelines by the district court 'effectively means that [the district court] has not properly consulted the guidelines.'" *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006).

In making its sentencing findings the Court should expressly mention a § 3553 factor urged by a party, even if the sentencing court assures that it has considered the § 3553 factors. See *Rita v. United States*, 551 U.S. 338, 357, 127 S. Ct. 2456 (2007). See also *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (as amended) ("The touchstone of 'reasonableness' is whether the record as a whole reflects *rational and meaningful consideration* of the factors enumerated in 18 U.S.C. § 3553(a)," quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (internal quotation marks and alterations omitted) (emphasis added)). See *United States v. Paul*, 561 F.3d 970, 974 n.2 (9th Cir. 2009) (district court must listen to and engage the parties' arguments). See also Fed.R.Crim.P. 32(i)(3)(A)-(C).

Section 3553(a)(2)(A) requires the judge to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

The instant crime is unsettling given the fact that Osso was a police officer who was in a position of trust during the commission of this offense. His timely plea of guilty, statements to the Court, and admissions to the probation officer, all demonstrate his respect for the law and recognition of the severity of the crime.

A 12-year prison sentence in this case would undercut the need for a sentence to promote respect for the law. As the Supreme Court quoted and acknowledged in *Gall v. United States*, 128 S. Ct. 586, 599 (2007), "'a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing.'"

Osso's immediate and truthful confession, and his subsequent law abiding behavior prove that he does indeed have respect for the law. Without minimizing the seriousness of his offense, it should be noted that Osso did not touch Jane Doe. Not one time.

Section 3553(a) requires imposition of a sentence that serves crime control purposes – e.g., deterrence and incapacitation. Congress directed that all

sentences must "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(2)(B) and (C).

While the criminal justice system as a whole provides some deterrent effect, a key question regards whether enhanced sanctions provide any additional deterrent benefits. Little good can come from sending Osso to prison for more than 60 months. The negative impacts of incarceration would substantially outweigh whatever positive the Court might find.

Osso's sentence must account not only for the severity of the offense, but his circumstances as discussed in this memorandum and his PSR. He has not committed any crimes since, and he has done extremely well on pretrial release. "It is said that there is nothing like being sentenced to hang in the morning to focus a man's thoughts." *See Autery*, 555 F.3d at 876. It is highly unlikely that a 60-month sentence and a stern warning from this Court would be an ineffective deterrent in Osso's case.

Osso appears to put himself last. Counsel suspects that Osso's need for mental health therapy is greater than he acknowledges or understands. For him, both are a point of focus when assessing the § 3553(a)(2)(D) factor. He would certainly benefit from steady counseling. As 18 U.S.C. § 3582(a) indicates,

5

**"imprisonment is not an appropriate means of promoting correction and rehabilitation."**

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the . . . the history and characteristics of the defendant.'" *Gall v. United States*, 128 S. Ct. 586, 596 n. 6 (2007).

Clearly, the circumstances of the current offense set this case apart from other cases involving the child pornography. Right or wrong, Osso felt he was dealing with a consenting adult. The PSR thoroughly details background facts and mitigating circumstances that should be considered in fashioning the appropriate sentence–one of 60 months.

A just punishment, as mandated by § 3553(a)(2), does not require lengthy incarceration. Promoting respect for the law is sometimes best accomplished by demonstrating fairness to everyone, including the defendant. As former Mr. Justice Kennedy stated in his speech to the ABA in 2003: "A country which is secure in its institutions, confident in its laws should not be ashamed of the concept of mercy." This Court should show both fairness and mercy in imposing a just sentence in this case. The needs of society and of this man can best be met by imposing a sentence of 60 months. Removing him from the community for longer will serve no beneficial societal purpose. One of the main reasons we put people

in prison is to protect the public from further crimes. Osso is 49 years old with zero criminal history now facing at least 60 months in prison. It is extremely hard to imagine that he will come before this Court, or any other, ever again.

The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary. For the reasons stated above and applying the criteria set forth in 18 U.S.C. § 3553(a), a sentence of 60 months would appropriately account for all sentencing factors.

RESPECTFULLY SUBMITTED this 5th day of June, 2023.

/s/ Vernon E. Woodward
Vernon E. Woodward
Attorney for Defendant

## CERTIFICATE OF SERVICE - L.R. 5.2(b)

I hereby certify that on June 5, 2023, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2__ | CM-ECF |
| _____ | Hand Delivery |
| _____ | Fax |
| __4__ | Mail |
| __3__ | E-Mail |

1. CLERK, U.S. DISTRICT COURT

2. BENJAMIN HARGROVE
   Assistant United States Attorney
   2601 2nd Ave. North, Suite 3200
   Billings, MT 59101
   Counsel for the United States

3. MOLLY GASIEWICZ
   United States Probation Officer
   2601 2nd Ave. North, Suite 1300
   Billings, Montana 59101

4. Hossein Borhan
   Defendant

/s/ Vernon E. Woodward